CORRECTED

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-2018V

| | |
|---|---|
| GAIL SEARS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 6, 2025 |

*Brian L. Cinelli, Schiffmacher, Cinelli, Adoff, LLP*, Buffalo, NY, for Petitioner.

*Shelly Jock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On November 21, 2023, Gail Sears filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or in the alternative a caused-in-fact injury, after receiving tetanus, diphtheria, acellular pertussi vaccine on January 18, 2021. Petition at 1 ¶¶ 4, 10, 50, 81. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 22, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On February 6, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $82,570.50, representing $77,500.00 for pain and suffering, $2,033.00 for past unreimbursable

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

expenses, and $3,037.50 for past lost wages. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $82,570.50, representing $77,500.00 for pain and suffering, $2,033.00 for actual unreimbursable expenses, and $3,037.50 for actual lost wages to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                               **s/Brian H. Corcoran**
                                               Brian H. Corcoran
                                               Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| GAIL SEARS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 23-2018V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 21, 2023, Gail Sears ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of a Tdap vaccination received on January 13, 2021. Petition at 1. On November 22, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA injury, and on November 22, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 22; ECF No. 23.

**I.     Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $77,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,033.00.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

C.  Lost Wages

Evidence supplied by petitioner documents that she incurred past lost wages related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $3,037.50.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.  Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1] a lump sum payment of **$82,570.50**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

**III.  Summary of Recommended Payments Following Judgment**

| | |
|---|---:|
| Lump sum to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Gail Sears. | **$82,570.50** |

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

        Respectfully submitted,

        BRETT A. SHUMATE
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        LARA ENGLUND.
        Assistant Director
        Torts Branch, Civil Division

        /s/ Shelly Jock
        SHELLY JOCK
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 305-3155
        shellyjock@usdoj.gov

DATED: February 6, 2025